Jacob J. GORDON, Appellant,

v.

UNITED STATES, Appellee.

No. 05–CF–378.

District of Columbia Court of Appeals.

Submitted Sept. 7, 2006.

Decided Sept. 21, 2006.

---

Andrew P. McGuire, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, and Roy W. McLeese III, Yvonne Lee, and Barry Wiegand, Assistant United States Attorneys, were on the brief for appellee.

Before FARRELL and KRAMER, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

A jury found appellant guilty of receiving stolen property and unauthorized use of a motor vehicle (UUV), a Raptor "four-wheeler" all-terrain vehicle (ATV).[1] On appeal, he makes several arguments for reversal; as none persuades us, we affirm.

First, appellant contends that the trial judge erred in determining, as a matter of law, that an ATV is a "motor vehicle" within the meaning of the UUV statute. *See* D.C.Code § 22–3215(a) (2001). Appellant does not contend that an ATV "can never be a 'motor vehicle' for purposes of the UUV statute" (Br. for App. at 10); nor does he dispute that the jury was allowed to decide whether the vehicle he was driving was an ATV and thus—under the trial

---

1. The owner had bought the ATV new in 2002 for $7200.

court's ruling—a "motor vehicle." But he argues that, at least until the legislature expressly "include[s] ATV's in the definition of 'motor vehicle'" (*id.*), it should be a jury question whether any particular ATV is a motor vehicle for UUV purposes. We reject that argument.

Appellant confuses an issue of fact with one of law, as this court's decision in *United States v. Stancil,* 422 A.2d 1285 (D.C.1980), makes plain. There the court concluded, as a matter of law, that a moped or motorbike is a motor vehicle within the meaning of the UUV statute even though not a vehicle expressly listed in the definition.[2] The court reached that conclusion by applying normal principles of statutory construction, including an examination of the statute's purpose and application of the rule that generally terms used by the legislature—in that case the word "motorcycle"—will be given the meaning they have in common usage. *Id.* at 1286, 1287. In holding "that a moped *is* a 'motor vehicle' for purposes of [§ 22–3215]" (and reversing a contrary determination by the trial court), *id.* at 1286 (emphasis added), the court plainly did not view that holding as one that, in effect, a jury may reverse by finding that a particular moped is *not* a motor vehicle. Yet that is precisely appellant's argument as applied to an ATV: While not contesting the trial court's rejection of his pre-trial claim that an ATV is not a motor vehicle as a matter of law,[3] he contends that a jury must decide whether the legislature intended a particular ATV—such as the one he was driving—to constitute a motor vehicle for UUV purposes. *Stancil* forecloses that endeavor to make the jury the determiner of statutory meaning.

Appellant suggests that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny require submission of whether a particular ATV is a motor vehicle to the jury. The principle those cases stand for is that, "[o]ther than the fact of a prior conviction, any *fact* that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348 (emphasis added); *see also United States v. Booker,* 543 U.S. 220, 232, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (defendant's right protected by *Apprendi* is "to have the jury find the existence of any particular fact that the law makes essential to his punishment" (citation and internal quotation marks omitted)). But, as *Stancil* shows by clear implication, whether the legislature meant the term "motor vehicle" to include an ATV is not an issue of "fact" but of law to be decided by the court employing statutory interpretation.

Himself trying to exploit *Stancil,* appellant further argues that only if an ATV has "an internal combustion engine" may it constitute a motor vehicle for UUV purposes, and the government presented no evidence that his vehicle had that kind of motor—rather than a "power source" consisting merely of a battery, ignition, and "wires." This appears to be a restatement of appellant's pretrial argument (otherwise abandoned, see note 3, *supra*) that his ATV was not a motor vehicle as a matter of law. In any event, *Stancil* mentioned an internal combustion engine—a feature, it noted, of motorcycles—only because of its conclusion that a moped is "a

---

**2.** D.C.Code § 22–3215(a) states that, "[f]or purposes of this section, the term 'motor vehicle' means any automobile, self-propelled mobile home, motorcycle, truck, truck tractor, truck tractor within semitrailer or trailer, or bus."

**3.** "Appellant is not appealing the denial of his motion to dismiss" (Br. for App. at 10).

subspecies of that category of motor vehicles generally known as motorcycles." *Stancil,* 422 A.2d at 1287. But a motor vehicle under § 22–3215(a) also includes an "automobile," and, as the government points out, "[i]n its essence, ... an ATV has an engine and four wheels, as do nearly all cars. On wheels and motor,[4] an ATV really is at least to an automobile what a moped is to a motorcycle" (Br. for U.S. at 10–11). The trial judge concluded correctly, as a matter of statutory interpretation, that an ATV—a vehicle propelled by a motor—is a motor vehicle under § 22–3215.[5]

*Affirmed.*

4.  In his testimony, appellant admitted that he "flipped" on a "kill switch" to start the Raptor, meaning that he was starting the vehicle's engine or motor.

5.  Contrary to appellant's additional arguments, there was legally sufficient evidence of who owned the ATV and of appellant's knowledge that the vehicle he had received was stolen and its use unauthorized. *See generally Moore v. United States,* 757 A.2d 78, 82–83 (D.C.2000). Furthermore, appellant may not now challenge the legality of his arrest (which was based on his having been seen driving the four-wheeler that had a "punched" ignition "considered hot-wired"), because he filed no pretrial motion to suppress. *See* Super. Ct. Crim. R. 12(b)(3) & (d); *Olafisoye v. United States,* 857 A.2d 1078, 1084–85 (D.C.2004). In any event, the police had reasonable suspicion justifying his initial stop, and then properly arrested him based on the indications that the ATV had been "hot-wired."